EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico

Recurrido

v.

Joseph Acevedo Maldonado

Peticionario | Certiorari

2015 TSPR 81

193 DPR ____ |
|---|---|

Número del Caso:     CC-2015-33


Fecha: 15 de junio de 2015


Tribunal de Apelaciones:

    Región Judicial de Utuado


Abogado de la Parte Peticionaria:

    Lcdo. Efraín Díaz Carrasquillo


Oficina de la Procuradora General:

    Lcda. Margarita Mercado Echegaray
    Procuradora General

    Lcda. Tanaira Padilla
    Subprocuradora General

    Lcdo. Juan B. Ruiz Hernández
    Procurador General Auxiliar


Materia: Sentencia con Opinión de Conformidad – (Pena impuesta bajo el Art. 79 del Código Penal de 2004 en concurso de delitos)


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

       v.                      CC-2015-033     Certiorari

Joseph Acevedo Maldonado

    Peticionario

SENTENCIA

San Juan, Puerto Rico, a 15 de junio de 2015.

El Sr. Joseph Acevedo Maldonado incurrió en una conducta altamente repudiable. Hoy, acude ante este Tribunal sin tan siquiera cuestionar su culpabilidad y se limita a solicitar que se subsane el error en el cómputo de los años de reclusión de su sentencia. Como cuestión de derecho, tiene la razón. Por ello, expedimos el recurso de *certiorari* presentado y revocamos en parte la determinación del Tribunal de Apelaciones.

**I**

Como consecuencia de unos hechos acaecidos el 17 de enero de 2009, contra el Sr. Joseph Acevedo Maldonado (señor Acevedo Maldonado o

peticionario) se presentaron dos cargos por infringir el Art. 142 del Código Penal de 2004, 33 LPRA sec. 4770. Transcurrido el juicio en su fondo, el jurado encontró culpable al señor Acevedo Maldonado de los dos cargos imputados. Así las cosas, el 16 de enero de 2014, el Tribunal de Primera Instancia le impuso una pena total de 40 años de reclusión a ser cumplida consecutivamente, a saber: 20 años consecutivos por cada cargo.

En desacuerdo, el peticionario acudió ante el Tribunal de Apelaciones. En síntesis, sostuvo que el foro primario incidió al determinar lo siguiente: (1) sentenciarlo a cumplir la pena de reclusión en forma consecutiva; y (2) admitir en evidencia fotografías aparentemente inflamatorias, impertinentes y que no fueron debidamente autenticadas. Adviértase que para sostener el señalamiento de error en cuanto a la pena impuesta, el señor Acevedo Maldonado se fundamentó en la figura del concurso real de delitos dispuesta en el Art. 79 del Código Penal de 2004, 33 LPRA sec. 4707.

El 28 de octubre de 2014, el foro apelativo intermedio emitió una Sentencia en la cual confirmó el dictamen recurrido. En lo pertinente, razonó que procedía cumplir la pena en forma consecutiva, ya que el concurso real de delitos es inaplicable cuando el acto cometido por el acusado genera daños distintos. Asimismo, determinó que el foro primario actuó correctamente al sentenciar al peticionario a cumplir 40

años de reclusión consecutivamente, pues su culpabilidad se probó más allá de duda razonable. Finalmente, el Tribunal de Apelaciones concluyó que la imposición de penas descansa en la sana discreción del foro judicial sentenciador. Oportunamente, el señor Acevedo Maldonado presentó una moción de reconsideración, pero fue declarada no ha lugar.

Inconforme con ese proceder, el peticionario recurrió ante este Tribunal mediante recurso de *certiorari*. Amparado en la figura del concurso real de delitos, plantea como único señalamiento de error que los foros recurridos incidieron al dictaminar que la pena de reclusión impuesta debe cumplirse en forma consecutiva. Particularmente, sostiene que el tribunal sentenciador venía llamado a basar su determinación en el Art. 79 del Código Penal de 2004, 33 LPRA sec. 4707, e imponer una pena de 20 años por uno de los cargos y una pena agregada de 20% por el otro cargo, para un total de 24 años de reclusión.

En atención a lo anterior, el 1 de abril de 2015, emitimos una Resolución mediante la cual le concedimos 20 días a la parte recurrida para que mostrara causa por la cual no debíamos revocar el dictamen del foro apelativo intermedio. Oportunamente, la Oficina de la Procuradora General compareció mediante *Escrito en Cumplimiento de Orden*.

En su escrito, la Oficina de la Procuradora General alega que el tribunal sentenciador actuó correctamente y dentro de los parámetros dispuestos por ley al imponer las penas. Del mismo modo, arguye que si bien están presentes los elementos para la aplicación del concurso real –identidad de sujeto activo, comisión por ese sujeto de varios delitos independientes entre sí y un juicio simultáneo– el peticionario no tiene derecho automático al beneficio de la pena agregada. La razón de ello es que la Oficina de la Procuradora General entiende que en el caso ante nuestra consideración se está ante una pluralidad de conducta. Es decir, el peticionario cometió agresión sexual contra una víctima y acto seguido incurrió en otra acción independiente al agredir sexualmente a otra víctima.

Por tanto, para la Oficina de la Procuradora General son dos actuaciones que, aunque de igual naturaleza, ocurren de forma independiente contra dos personas distintas. De esta forma, argumenta que la conducta incurrida por el peticionario configura dos delitos y no corresponde a un mismo acontecimiento, aunque los actos fueron cercanos en tiempo. Como para la Oficina de la Procuradora General la conducta del peticionario generó más de una lesión contra más de una víctima y no constituye un mismo acto, aduce que procede la imposición de penas para cada uno de los actos cometidos. Finalmente, plantea que el argumento

esgrimido por el señor Acevedo Maldonado conllevaría socavar la integridad de las víctimas de agresión sexual y, a su vez, alentar a los agresores a cometer actos contra varias víctimas, sin que ello conlleve el resultado de penas que aparejen la severidad de la conducta incurrida.

Expedimos el recurso y con el beneficio de la comparecencia de las partes involucradas, procedemos a resolver la controversia conforme a derecho.

## II

Sabido es que mediante uno o más actos una persona puede cometer dos o más ofensas y éstas pueden ser juzgadas conjuntamente en el mismo procedimiento judicial. Cuando ello acontece, se está ante la figura del concurso de delitos. En esencia, esta figura arroja luz con relación a la manera en que debe determinarse cuál es la pena que mejor refleja la gravedad del hecho y la culpabilidad del sujeto. L.E. Chiesa Aponte, Derecho Penal Sustantivo, 2da ed., Publicaciones JTS, 2013, pág. 71. Para ello, se han desarrollado las siguientes reglas: (1) **las que rigen los supuestos en que existen varios actos y varios delitos**; (2) las que operan cuando ocurre un solo acto y varios delitos; (3) aquellas que gobiernan las circunstancias en que existe un solo acto que aparenta infringir varias disposiciones, pero solo infringe una; y (4) las que

tratan situaciones en que ocurren varios actos y un solo delito. Íd., pág. 72.

Por tratarse de lo que atañe a la controversia de autos, examinaremos el primer conjunto de reglas ya que éstas regulan el concurso real de delitos. Esencialmente, este tipo de concurso trata de casos en que la persona comete, con cada uno de sus actos, un delito distinto y separado del otro. Íd. En otras palabras, existe un concurso real de delitos "cuando el sujeto ha realizado varias acciones cada una de las cuales por separado es constitutiva de delito". J.M. Rodríguez Devesa, Derecho Penal Español, Madrid, Dikinson, 1988, pág. 848. Para el reconocido tratadista Jiménez de Asúa, lo que constituye la esencia del concurso real es la pluralidad de actos independientes y de delitos. Véase L. Jiménez de Asúa, La ley y el delito, Buenos Aires, Ed. Sudamericana, 1978, pág. 534.

Cabe señalar que la concurrencia real de delitos también se ha definido como "[v]arias unidades de conducta que se suceden una a otra con intervalos más o menos largos, pero juzgadas en conjunto, pueden violar la misma ley o diversas leyes". H. Silving, Elementos constitutivos del delito, San Juan, Ed. Universitaria, 1976, pág. 180. De otra parte, la profesora Nevares-Muñiz expone que "el concurso real se trata como una figura procesal que requiere que se juzgue al actor en un mismo proceso por todos los delitos que cometió". D.

Nevares-Muñiz, <u>Derecho Penal puertorriqueño: parte general</u>, 5ta ed., San Juan, Ed. Inst. para el Desarrollo del Derecho, 2005, Sec. 8.4.6, pág. 354. *Véase*, además, <u>Pueblo v. Rivera Cintrón</u>, 185 DPR 484, 502 (2012).

## A.

Nótese que bajo el Código Penal de 2004 se contemplaba y regulaba la concurrencia de delitos. En particular, el concurso real era atendido en el Art. 79 del referido cuerpo normativo, el cual establecía expresamente que:

> Cuando alguien haya realizado varios delitos que sean juzgados simultáneamente, cada uno de los cuales conlleva su propia pena, se le sentenciará a una pena agregada, que se determinará como sigue:
>
> (a) Cuando uno de los delitos conlleve pena de reclusión de noventa y nueve (99) años, ésta absorberá las demás.
>
> (b) Cuando más de uno de los delitos conlleve reclusión por noventa y nueve (99) años, se impondrá además una pena agregada del veinte (20) por ciento por cada víctima.
>
> (c) **En los demás casos, se impondrá una pena para cada delito y se sumarán, no pudiendo exceder la pena agregada del veinte (20) por ciento del límite máximo del intervalo de pena para el delito más grave**. 33 LPRA sec. 4707. (Énfasis suplido).

En el caso <u>Pueblo v. Álvarez Vargas</u>, 173 DPR 587 (2008), este Tribunal tuvo ocasión para interpretar el alcance del precitado Art. 79. A esos efectos, se determinó que para que aplique el concurso real de delitos "**es necesario que los delitos en concurso sean de igual o similar naturaleza, surjan del mismo acto o**

**transacción, surjan de dos o más transacciones relacionadas entre sí, o sean parte de un plan común**". Íd., pág. 597. (Énfasis suplido). Por tanto, este Tribunal concluyó que para aplicar el tratamiento del Art. 79 se requiere lo siguiente: (1) la identidad de sujeto activo; (2) la comisión por ese sujeto de varios delitos independientes entre sí; (3) un juicio simultáneo según las Reglas de Procedimiento Criminal; y (4) que una disposición especial no prohíba la formación de la pena agregada. Íd., pág. 599.

De otra parte, la forma en que se imputa la pena en los casos de concurso real se lleva a cabo conforme al principio de acumulación de penas. Esto es, las penas de cada ofensa deben sumarse y acumularse hasta un tope máximo determinado por ley. L.E. Chiesa Aponte, Derecho Penal Sustantivo, Publicaciones JTS, 2006, pág. 67. Por motivo de la cantidad de años contenida en la pena de reclusión que acarrea el delito en este caso, es de aplicación el inciso (c) del Art. 79. Como se pudo apreciar, este inciso establecía específicamente que la pena impuesta en este supuesto no podía exceder el 20% del límite máximo del intervalo de pena para el delito más grave. Para el profesor Chiesa Aponte, ello equivale a multiplicar la pena máxima del delito más grave por 1.20. Íd., pág. 68. En otras palabras, en aquellos casos en que se configure un concurso real de delitos bajo el inciso (c) del Art. 79, lo que procede primero es sumar

las penas impuestas para todos los delitos en cuestión. Luego, se multiplica el límite máximo del intervalo de pena para el delito más grave por 1.20. Entre esos dos resultados, se escoge el más bajo, pues constituye el límite estatutario permitido. Pueblo v. Rivera Cintrón, *supra*, pág. 502; Pueblo v. Álvarez Vargas, *supra*, pág. 600. *Véase*, además, D. Nevares-Muñiz, *Las penas en el nuevo Código Penal: a cinco años de su vigencia*, 79 Rev. Jur. UPR 1129 (2010). Según explica la profesora Nevares-Muñiz, "la intención legislativa fue que la pena agregada que resulte de los varios delitos tenga un límite, de manera que se cumpla con el principio de que las penas no deben exceder la expectativa real de vida de una persona para que se propicie su rehabilitación". D. Nevares-Muñiz, *Las penas en el nuevo Código Penal: a cinco años de su vigencia*, 79 Rev. Jur. UPR 1129, 1151 (2010).

**III**

En el caso ante nos, el Tribunal de Primera Instancia sentenció al señor Acevedo Maldonado a cumplir un total de 40 años de prisión, tras ser encontrado culpable de dos cargos por infracción al Art. 142 del Código Penal de 2004. Esto es, le impuso una pena de reclusión de 20 años consecutivos por cada uno de los cargos. Inconforme, el peticionario acudió al Tribunal de Apelaciones. En lo pertinente, sostuvo que debía ser sentenciado con el beneficio de la pena agregada que

disponía el Art. 79 del Código Penal de 2004, el cual regulaba el concurso real de delitos.

Examinado el caso, el foro apelativo intermedio confirmó el dictamen bajo el fundamento de que el concurso de delitos no aplica cuando el acto cometido por el acusado produce daños distintos. Del mismo modo, concluyó que el tribunal sentenciador no incidió al imponer la pena, toda vez que ello descansa en su sana discreción. En desacuerdo, el señor Acevedo Maldonado recurrió ante este Tribunal.

Tras aquilatar los documentos que obran en autos, concluimos que el señalamiento de error expresado por el señor Acevedo Maldonado tiene mérito. Entendemos que le cobija la razón pues, a todas luces, en el caso ante nuestra consideración se configuró el llamado concurso real de delitos. Nos explicamos.

Constituye un hecho irrefutable que los delitos por los que fue encontrado culpable el señor Acevedo Maldonado fueron juzgados conjuntamente, son de igual naturaleza, surgieron de actos relacionados entre sí y, a su vez, fueron parte de un plan común. Además, no existe una disposición especial que prohíba la formación de la pena agregada en este tipo de casos. Por tanto, conforme a los pronunciamientos jurisprudenciales de este Tribunal y la normativa estatutaria pertinente, en esas circunstancias se dan las condiciones para la aplicación del concurso real de delitos. En

consecuencia, resolvemos que incidieron los foros recurridos al no contemplar el mandato expreso contenido en el precitado Art. 79.

A tales efectos, resulta imperativo realizar el cómputo correspondiente y, por ende, determinar la pena de reclusión que el señor Acevedo Maldonado debe cumplir a tenor con el límite dispuesto en el Art. 79. Adelantamos que no procede acoger el razonamiento del peticionario de imponerle una pena de 20 años por uno de los cargos y una pena agregada de 20% por el otro cargo, para un total de solamente 24 años de reclusión. En su lugar, procede reducir la pena de reclusión a 30 años. Nos explicamos.

Adviértase que el Código Penal del 2004 clasificaba el delito de agresión sexual como uno grave de segundo grado severo. Por tanto, de acuerdo al Art. 16 del mencionado Código, éste conllevaba una pena de reclusión de entre 15 años y un día a 25 años. *Véase* 33 LPRA sec. 4644(b). Ello lleva a concluir que en este caso el límite máximo del intervalo de pena para el delito más grave imputado es 25 años.

El Tribunal de Primera Instancia sentenció al peticionario a cumplir 20 años consecutivos por cada uno de los delitos imputados. Recordemos que el primer paso es sumar las referidas penas, por lo que en este caso se obtiene un total de 40 años. Luego, se multiplica el límite máximo del intervalo de pena para el delito más

grave -que en este caso es 25 años- por 1.20. Ello resulta en un total de 30 años. Entre las dos sumas obtenidas (40 y 30), se selecciona la de 30 años por ser la menor. Esta cantidad constituye el límite máximo permitido para la pena agregada.

Al amparo del anterior cómputo, es forzoso concluir que la pena de 40 años impuesta al señor Acevedo Maldonado excedió el tope máximo determinado en ley. Así las cosas, y una vez determinado que están presentes las condiciones necesarias para la aplicación de la pena agregada del Art. 79, procede, en estricto derecho, **una disminución de 10 años a la pena que le fuera impuesta al peticionario.**[1]

Ante el cuadro descrito, y en vista de que no podemos avalar un curso de acción que descarta toda una normativa jurídica vigente al momento de los hechos,

---

[1]Contrario a lo razonado por el Tribunal de Apelaciones, no cabe sostener que en este caso era inaplicable el Art. 79 porque el acto generado por el acusado produjo daños distintos. De ordinario, el concurso real de delitos no excluye, sino que incluye más de una lesión. Tampoco cabe en este contexto invocar la discreción a la hora de imponer la pena, pues el texto diáfano del Art. 79 del Código Penal de 2004 no reconoce discreción judicial para quebrantar el límite que dispone.

Es pertinente recordar, además, que la Regla 179 de las de Procedimiento Criminal fue enmendada con el propósito de atemperarla al Código Penal de 2004. Como resultado de esa enmienda, se le añadió un segundo párrafo el cual indica claramente que cuando exista un concurso de delitos se sentenciará conforme a los Arts. 78-80 del Código Penal de 2004. 34 LPRA Ap. II, R. 179.

revocamos a los foros recurridos con relación a la pena impuesta al peticionario.

## IV

En virtud de los fundamentos que anteceden, revocamos en parte el dictamen del Tribunal de Apelaciones. Ello, pues, aplicamos la figura del concurso real de delitos y, en consecuencia, modificamos la pena de reclusión impuesta al peticionario a 30 años.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Martínez Torres emitió una Opinión de Conformidad a la cual se unen los Jueces Asociados señores Kolthoff Caraballo y Feliberti Cintrón. La Juez Asociada señora Rodríguez Rodríguez concurre con el resultado sin opinión escrita. El Juez Asociado señor Rivera García disiente sin opinión escrita. La Jueza Asociada señora Pabón Charneco no intervino.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

     Recurrido

        v.

                                 CC-2015-033

Joseph Acevedo Maldonado

     Peticionario

Opinión de conformidad emitida por el Juez Asociado señor MARTÍNEZ TORRES a la cual se unieron los Jueces Asociados señor KOLTHOFF CARABALLO y señor FELIBERTI CINTRÓN.

En San Juan, Puerto Rico, a 15 de junio de 2015.

En el día de hoy nos vemos obligados a implementar las disposiciones del Art. 79 del Código Penal de 2004, 33 LPRA sec. 4707 (Código de 2004), y así, rebajarle la pena impuesta a una persona condenada por agredir sexualmente a dos mujeres. Ese resultado, aunque antipático, **es producto exclusivo de la voluntad del legislador.** Conforme a las disposiciones del Código de 2004, cuando una persona agrede sexualmente a más de una víctima como parte de un mismo acto y plan, la pena agregada que el tribunal puede imponerle está limitada a veinte por ciento sobre la pena máxima para ese delito. Es decir, a una pena máxima de 30 años,

independientemente de que la persona convicta haya agredido sexualmente a dos, tres o cuatro víctimas y a pesar de que el Código de 2004 establecía una pena máxima para este delito de 25 años por cada violación.

Así, bajo el escudo del ideal constitucional de rehabilitación, lo que el legislador realmente ha logrado, en casos como este donde las agresiones sexuales fueron parte de un mismo acto y plan, es que nuestro ordenamiento valore más la vida, seguridad, integridad y dignidad de la primera víctima de agresión sexual que la de una segunda, tercera o incluso cuarta víctima. De hecho, la pena máxima es la misma si viola dos víctimas o si viola a alguien más. Después de la segunda, ninguna víctima cuenta al momento de imponer la pena. Más aun, el Código de 2004 viabilizaba el absurdo, al autorizar al tribunal a imponerle una pena mayor a una persona que agrede sexualmente a dos víctimas en actos separados que a una que comete esos dos delitos como parte de un mismo acto y plan.

Para rehabilitar no hay que desvalorizar la protección social. Contrástese las disposiciones del Código Penal de 2004 con los Arts. 71 y 72 del Código Penal de 2012, según aprobados originalmente (Código de 2012), 33 LPRA secs. 5104-5105, los cuales evitaban el resultado al que hoy nos vemos obligados a llegar. Véanse Luis Ernesto Chiesa Aponte, Derecho Penal Sustantivo, Publicaciones JTS, 2da Ed 2013, pág. 72. y Dora Nevares Muñiz, Código Penal de

Puerto Rico Comentado, Instituto para el Desarrollo del Derecho, Inc., Edición 2013, pág. 117. No obstante, el Código de 2012 fue enmendado por la Ley Núm. 246 de 2014, para adoptar nuevamente las nefastas disposiciones del Código de 2004 en cuanto a este asunto (empero, la pena para el delito de agresión sexual se mantiene en cincuenta años, tal y como dispuso el Código de 2012). Eso nos amarra las manos en este asunto. Corresponde a la Asamblea Legislativa y no a nosotros corregir esta anomalía.


                         Rafael L. Martínez Torres
                              Juez Asociado